861 F.2d 720
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dean V. GEREN, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 87-6089.
 United States Court of Appeals, Sixth Circuit.
 Nov. 3, 1988.
 
 Before KRUPANSKY and RALPH B. GUY, Jr., Circuit Judges, JAMES L. GRAHAM, District Judge.*
 PER CURIAM.
 
 
 1
 In September 1966, claimant, Dean Geren, was awarded disability benefits under the Social Security Act. Geren was found to have been disabled since January 1965, as a result of a severe conversion reaction and a mild cervical spine sprain.
 
 
 2
 In March 1981, Geren was notified that his benefits were being suspended and the suspension was retroactive to 1975. He was later informed that the benefits cut-off date would be January 1976 and was assessed for an overpayment as a result of the retroactive cessation. The assessment for overpayment was back to March 1976. Claimant appealed the cessation and overpayment orders and also filed a new application for disability benefits on March 4, 1981. On August 25, 1982, a hearing decision was issued denying all of Geren's claims. Geren then appealed to the district court where the case was remanded at the request of the Secretary in order to locate and reconstruct claimant's file and conduct a de novo hearing. Prior to the new hearing, Geren filed for supplemental security income on May 25, 1984. At the new hearing, benefits were again denied and the case went back to the district court. Before the district court could act on the merits, however, the Secretary again requested a remand for the purpose of re-evaluating the claim pursuant to the revised rules for determining disability due to mental disorders.
 
 
 3
 After the second remand, disability benefits were again denied, but the administrative law judge (ALJ) did award supplemental security income beginning as of May 1984. It was again determined that there had been an overpayment to claimant and the Secretary refused to waive the overpayment, finding fault on the part of Geren. When the Appeals Council concurred, this became the decision of the Secretary and the case again went back to the district court. The district court upheld the Secretary's decision in all particulars.
 
 
 4
 On appeal, claimant argues that the Secretary's decision terminating benefits was not supported by substantial evidence, and that, as of March 1976, he could not perform substantial gainful activity. Geren also argues that the Secretary's retroactivity decision was not in accordance with the law and regulations. Finally, Geren contends that even if he was overpaid, the overpayment was without fault on his part and therefore the Secretary should waive all claims for repayment.
 
 
 5
 As the lengthy procedural history would indicate, this case has generated a lengthy record. However, the facts are relatively uncomplicated. Geren first filed for disability benefits on September 22, 1965, claiming that his disabling condition was "injured neck and shoulders." An onset date of January 21, 1965, was alleged. Geren had been in an auto accident on January 7, 1965. He suffered no apparent serious injuries and returned immediately to work for a period of two weeks after which he claimed neck and shoulder pain kept him from working. On September 2, 1965, Geren was in a second auto accident and was involved in yet a third auto accident on September 29, 1965.
 
 
 6
 The injury sustained in the first accident was what is commonly referred to as "whiplash." The other two accidents allegedly aggravated this condition. Although Geren's claim was denied at all steps of the initial administrative procedure, an ALJ, in what has to be one of the shortest opinions on record, stated: "In view of the hearing examiner's conclusion, which is wholly favorable to the claimant, recitation of the evidence is unnecessary." (App. 224). The ALJ then concluded that benefits should be awarded as of January 21, 1965.
 
 
 7
 In 1981 when the Secretary made a re-examination, it was learned that from mid-1975 to mid-1980 the claimant had been running his own business as a potato chip distributor. A cessation and repayment order was issued. Since a claimant receiving benefits is entitled to a nine-month trial period in which one can work and still draw benefits, the cessation and repayment orders date from January 1976.
 
 
 8
 We have already related the tortured procedural history of this case from 1981 forward and during this period, as would be expected, the medical reports multiplied. When the case was finally ready for disposition, Judge Edgar reviewed the entire record and wrote a painstakingly thorough and careful thirty-three page opinion in which he considered every legal and factual contention made by the claimant. We concur in, and are unable to improve upon his analysis and, consequently, we adopt his opinion as the opinion of this court on appeal.
 
 
 9
 Credibility was a key issue in this claim and we are the farthest removed from the arena where credibility can best be determined. Suffice it to say that this was one of those personal injury claims in which, if claimant's doctors are to be believed, his whiplash had him at death's door. On the other side of the ledger, the Secretary's doctors found him well enough to work and not suffering from anything that a substantial personal injury judgment or settlement would not cure. Judge Edgar detailed at great length why he found the claimant lacking in credibility. We agree with his conclusions. In this instance the credibility determination largely resolves not only the disability claim but also the "fault" question involved in the repayment issue.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Honorable James L. Graham, United States District Court, Southern District of Ohio, sitting by designation